IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAMONT PUGH,** | : | CIVIL ACTION NO. 1:23-CV-1804 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **ROBERT MARSH**, *et al.*, | : | |
| | : | |
| Defendants | : | |

## **MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Lamont Pugh, a prisoner incarcerated by the Pennsylvania Department of Corrections, alleges that defendants violated his civil rights by denying him needed medical care while he was being transported between prisons on January 18, 2019. The case is proceeding on Pugh's amended complaint. Defendants have moved to dismiss the amended complaint. The motion will be granted.

**I.**   **Factual Background & Procedural History**

Pugh filed his original complaint on July 5, 2019, in the Centre County Court of Common Pleas. (Doc. 1-1). Defendants were served with the complaint on October 11, 2023, and removed the case to this district on October 31, 2023. (Doc. 1). Defendants moved to dismiss the original complaint on November 6, 2023. (Doc. 3). The court granted Pugh's motion for leave to amend on December 4, 2023, and Pugh timely filed an amended complaint on December 27, 2023. (Docs. 6-7).

According to the amended complaint, Pugh was being transported from SCI-Dallas to SCI-Fayette on January 18, 2019, when he was briefly placed in a holding

cell in SCI-Benner Township. (Doc. 7 at 1). At 10:00 a.m. that day, Pugh informed defendant Stavola, a lieutenant in the prison, that he was having chest pain and shortness of breath and that he needed to be taken to the medical department. (Id.) Stavola allegedly refused to allow Pugh to go to the medical department. (Id. at 1-3). When Pugh arrived at SCI-Fayette, he immediately told a nurse that he needed medical attention. (Id. at 3). Pugh was taken to the prison's medical department, where staff performed two EKGs on Pugh. (Id.) The amended complaint does not specify the results of the EKGs. (Id.)

Sometime after Pugh's interaction with Stavola, he filed a grievance about the denial of medical care. (Id. at 2). Defendant Marsh, the superintendent of SCI-Benner Township, allegedly denied the grievance. (Id.) The amended complaint additionally avers that Marsh had "actual knowledge" of Pugh's chest pain at the time it happened because the DOC's "chain of command" requires correctional officers to notify their superiors of any emergency. (Id.) The amended complaint asserts claims against Stavola and Marsh for deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Id. at 1-3). Pugh seeks damages and declaratory relief. (Id. at 4).

Defendants moved to dismiss the amended complaint on January 8, 2024. (Docs. 9-10). Defendants argue that the amended complaint fails to state a deliberate indifference claim upon which relief may be granted and that it fails to allege Marsh's personal involvement. (Doc. 10). Briefing on the motion to dismiss is complete and it is ripe for resolution. (Docs. 10, 13).

**II.     Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents."  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal

conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. Discussion

Pugh brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (citation omitted).  A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Pugh's amended complaint fails to state a deliberate indifference claim upon which relief may be granted.  There are no allegations in the amended complaint from which it could be inferred that Pugh had a serious medical need.  Although Pugh purportedly complained about chest pain and shortness of breath for which he was given EKGs, the amended complaint does not state what the results of the EKGs were or any other facts from which it could be inferred that Pugh was suffering from a heart condition.  Thus, it appears from the amended complaint that

5

Pugh's symptoms were limited to an isolated, unexplained incident of chest pain and shortness of breath. This is not sufficient to allege a serious medical need. See, e.g., Sharpe v. Medina, 450 F. App'x 109, 113 (3d Cir. 2011) (nonprecedential)[1] (concluding that evidence of chest pain was not by itself sufficient to establish deliberate indifference to a serious medical need).

The complaint additionally fails to allege the personal involvement of defendant Marsh in the alleged civil rights violations. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be allegations of personal direction or actual knowledge and acquiescence. Id. A defendant's review and denial of a prisoner's grievance is not by itself sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020). Pugh's allegations against Marsh are based exclusively on his supervisory role in SCI-Benner Township and his denial of Pugh's grievance, which are not sufficient to allege his personal involvement. See id.; Rode, 845 F.2d at 1207. We will accordingly dismiss the complaint for failure to state a deliberate indifference claim

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

upon which relief may be granted and failure to allege Marsh's personal involvement.

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will grant Pugh leave to file a second amended complaint because his claims are factually, rather than legally, deficient.

## IV. Conclusion

We will grant defendants' motion to dismiss the amended complaint and grant Pugh leave to file a second amended complaint. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:   May 17, 2024