IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAMONT PUGH,** : | CIVIL ACTION NO. 1:23-CV-1804 |
|  : | |
| **Plaintiff** : | (Judge Conner) |
|  : | |
| v. : | |
|  : | |
| **ROBERT MARSH**, *et al.*, : | |
|  : | |
| **Defendants** : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Lamont Pugh, a prisoner incarcerated by the Pennsylvania Department of Corrections, alleges that defendants violated his civil rights by denying him medical care during his transfer between prisons on January 18, 2019. The case is proceeding on Pugh's second amended complaint. Defendants have moved to dismiss. The motion will be granted, and this case will be dismissed without further leave to amend.

**I.      Factual Background & Procedural History**

Pugh filed his original complaint on July 5, 2019, in the Centre County Court of Common Pleas. (Doc. 1-1). Defendants were not served with the complaint until October 11, 2023, and removed the case to this district on October 31, 2023. (Doc. 1). Defendants moved to dismiss the original complaint on November 6, 2023. (Doc. 3). The court granted Pugh's motion for leave to amend on December 4, 2023, and Pugh timely filed an amended complaint on December 27, 2023. (Docs. 6-7).

Defendants moved to dismiss the amended complaint on January 8, 2024. (Doc. 9). We granted the motion on May 17, 2024, dismissing the amended complaint without prejudice and granting plaintiff leave to file a second amended complaint to cure the amended complaint's pleading deficiencies. (Docs. 17-18). Plaintiff timely filed his second amended complaint on June 16, 2024, and the court received and docketed it on June 24, 2024. (Doc. 22).

According to the second amended complaint, Pugh was being transported from SCI-Dallas to SCI-Fayette on January 18, 2019, when he was briefly placed in a holding cell in SCI-Benner Township. (Doc. 22 ¶¶ 21-22). At 10:00 a.m. that day, Pugh informed defendant Stavola, a lieutenant in the prison, that he was having chest pain and that he needed to be taken to the medical department. (Id. ¶¶ 23-24). Pugh purportedly told Stavola that the chest pain was so severe that it was causing him shortness of breath, trouble breathing, and dizziness. (Id. ¶ 24). He also allegedly told Stavola that he had a family history of heart conditions and that he had an increased risk of heart attacks and strokes because of "his age and other medical conditions." (Id.) Stavola allegedly refused to allow Pugh to go to the medical department and instructed him to seek medical care upon his arrival at SCI-Fayette. (Id. ¶ 25). After this incident, Stavola purportedly declined to report the incident based on a policy advanced by defendant Marsh, the prison's superintendent, to underreport medical emergencies. (See id. ¶¶ 16-21, 26-27).

When Pugh arrived at SCI-Fayette, a nurse in the prison allegedly took him to the medical department, where the medical staff performed two EKGs on him. (Id. ¶¶ 30-32). Pugh was admitted into the medical department for further

2

observation, but he was never informed of the results of his EKGs. (Id. ¶ 32). The second amended complaint asserts claims against Stavola and Marsh for deliberate indifference to a serious medical need in violation of the Eighth Amendment. (Id. ¶¶ 33-42). Pugh seeks damages, injunctive relief, and declaratory relief. (Id. at 14).

Defendants moved to dismiss the second amended complaint for failure to state a claim upon which relief may be granted on July 3, 2024. (Docs. 23-24). The court granted plaintiff three extensions of time to respond to the motion to dismiss, most recently extending the deadline to December 15, 2024. (Docs. 26, 32, 36). That deadline has passed, and plaintiff has neither responded to the motion to dismiss nor requested an additional extension of time to do so. The motion is accordingly ripe for resolution.

## II.     Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605

F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**III.   Discussion**

Pugh brings his constitutional claims under 42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  42 U.S.C. § 1983.  The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law.  See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law."  Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)).  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention."  Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment."  Id. (citation omitted).  A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

5

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Having reviewed the second amended complaint, the court will dismiss it for failure to state a deliberate indifference claim upon which relief may be granted. The second amended complaint suffers from the same pleading defect as the first amended complaint by failing to allege that Pugh had a serious medical need. Although Pugh purportedly complained about chest pain and shortness of breath for which he was given EKGs, it is not alleged that the EKGs revealed that Pugh was suffering from a heart condition or any other serious medical need.  Thus, it appears from the amended complaint that Pugh's symptoms were limited to an isolated, unexplained incident of chest pain and shortness of breath.  This is not sufficient to allege a serious medical need. See, e.g., Sharpe v. Medina, 450 F. App'x 109, 113 (3d Cir. 2011) (nonprecedential)[1] (concluding that evidence of chest pain was not by itself sufficient to establish deliberate indifference to a serious medical need).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, district courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245.  We

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

will deny further leave to amend as futile.  Pugh has had multiple opportunities to state a claim upon which relief may be granted and has failed to do so.

## IV.     Conclusion

We will grant defendants' motion to dismiss and dismiss this case without further leave to amend.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     January 13, 2025